Scott, O.J.
The record in this case shows, that the plaintiff in error brought into the court of common pleas,-of Hamilton county, by appeal, the transcript of a judgment rendered against him, by a justice of the peace of the county, in an action in which the defendant in error was plaintiff. The transcript was filed on the 4th day of May, 1855, and a rule taken against the defendant in error, tó file his petition in the case, by the next rule day A* a subsequent term, on the *137 28th day of May, in the same year, default was entered against the defendant in error, for want of a petition; and, on the 29th of June following, judgment was entered against him, on such default, dismissing his action, without prejudice, and at his costs.
At the following November term of the court, to-wit, on the 5th day of November, 1855, the plaintiff below, by his counsel, filed his motion to set aside judgment of non-suit, and for leave to file petition, but without any assignment of reasons therefor; and at the same term, on the 8th of December, he filed an additional motion to set aside the judgment of dismissal, and for leave to file petition, and reinstate the case, and set it down for trial, as the court might order. Yarious causes were assigned in support of this motion, which need not be particularly stated, as it is very clear that none of them were such as would, under the 534th section of the code, authorize the court to vacate, upon motion, a judgment of its own, rendered at a preceding term, except such as might be brought within the third subdivision of causes specified in that section; that is to say: “ Eor mistake, neglect or omission of the clerk, or irregularity in obtaining a.judgment or order.”
At the same November term, to-wit, on the 4th day of January, 1856, the court made the following order in the case: “ On motion of plaintiff’s attorney, and good cause shown, it is ordered, that the order dismissing this cause, made at the May term, 1855, be set aside, and leave is given to the plaintiff to file a petition, which is accordingly done.”
The record does not show any appearance of the plaintiff in error, in the proceedings for vacating the judgment, nor that any notice was served upon him or his attorney of the motion for that purpose; nor is there any finding or adjudication by'the court that the plaintiff had a valid cause of action.
The defendant below filed his petition in error, in the district court to reverse the order of the court of common pleas, vacating the judgment of dismissal, entered at the previous May term.
*138 The'district court affirmed the order of the common pleas, and this judgment of affirmance is now sought to be reversed. There was a general assignment of errors in the district court which we think renders it proper for us to examine errors not specially assigned in that court, and which are relied on here.
There can be no doubt that the order of the court of common pleas which is sought to be reversed, is one “ affecting a substantial right made in a special proceeding in an action after judgment,” and is, therefore, the proper subject of review upon error. (Code, section 512.)
It is provided by section 538 of the code, that “ a judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense in the action in which the judgment is rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action.” And as the record in this case shows no adjudication of the court upon the validity of the plaintiff’s cause of action, it is difficult to see how the order vacating the judgment can be sustained.
But we think the want of notice to the defendant below of the motion to vacate, forms a still graver ground of exception to the order of vacation. A judgment, final in its character, had been rendered in the case, at the May term of the court. By that judgment, the defendant was acquit and dismissed without day. At the close o‘f the term, he was no longer in court. No farther action could be taken in the case prejudicial to his interest, without notice to. him. The plainest principles of justice, as well as the express provisions of the code, required this. The language of the statute is: “The proceedings to correct mistakes, or omission of the clerk, or irregularity in obtaining a judgment or order, shall be by motion upon reasonable notice to the adverse party, or his attorney in the action.” Section 535. The code farther provides, that such notices must be in writing, prescribes what facts they shall state, and how they shall be served. (Sections 505, 506 and 507.)
It has been suggested, that where the record is silent on *139 the subject, we must presume that the defendant below, was regularly in court.
But we can not so hold in this case. Eor, however far we might presume in favor of the validity of a judgment, where the parties are shown to have been before the court, and where they could, therefore, have made the error complained of, appear affirmatively, by exception, or otherwise; yet no such presumption can be admitted to prevent the direct impeachment of a judgment, where the subject of complaint is that the party has had no day iffmourt, and so, had no opportunity of placing anything upon the record.
The judgment of the district court, and the order of the court of common pleas, vacating the judgment rendered at the previous term, must be reversed.
Sutliff, Peck, G-holson and Brinkerhoff, J J., concurred.